UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NLD ROCHESTER LLC,

                                        Plaintiff,

                    v.

440 LAKE AVENUE, LLC,

                                        Defendant.

_____

DECISION AND ORDER

23-CV-6058DGL

*"Don't you know you're not supposed to take things that don't belong to you?"*
(HOW THE GRINCH STOLE CHRISTMAS (2000, Universal Pictures)).

## INTRODUCTION

The facts underlying this lawsuit are really quite simple. Plaintiff NLD Rochester LLC ("plaintiff"), a Texas corporation, purchased certain real property from 440 Lake Avenue, LLC ("defendant"), a New York corporation, on or around January 26, 2021. Because a commercial tenant, a Speedway gas station ("Speedway"), was situated on the property, the sale included an Assignment and Assumption of [Speedway's] Lease ("Assignment"), which transferred the right to receive Speedway's rent payments from defendant to plaintiff. (Dkt. #1 at ¶¶1-5). The Assignment also required that defendant pay all of plaintiff's costs, expenses, and reasonable attorney's fees, "arising as a result of any act, omission or obligation of [defendant] arising or accruing with respect to the Lease on or after the Effective Date." (Dkt. #1 at ¶11).

Regrettably, from on or about December 23, 2020 through March 23, 2022, Speedway mistakenly made fourteen (14) lease payments ("Mistaken Rent Payments"), totaling $83,888.00, to defendant, instead of to plaintiff. (Dkt. #1-2). Plaintiff, Speedway, and notably, even the

defendant, all agree that these lease payments should have been made to plaintiff, and not to the defendant, pursuant to the Assignment. (Dkt. #15-2, Proposed Answer at ¶7).

Plaintiff and Speedway each made a demand on defendant to turn over the mistaken payments. (Dkt. #1 at ¶¶7-10, Dkt. #1-2, Dkt. #1-3). However, even while conceding that it was never entitled to receive the lease payments, defendant steadfastly refused, and continues to refuse, to surrender them to plaintiff. Even more remarkably, defendant fails to give any good reason for not promptly turning over the mistaken lease payments. (Dkt. #15-2 at ¶29, Proposed Answer at ¶¶7, 8).

Resolution of the matter should have been straightforward, but in light of defendant's refusal to return the mistaken payments, plaintiff has been forced to commence this lawsuit. Plaintiff asserts New York common law causes of action for unjust enrichment, money had and received, conversion, and constructive trust. (Dkt. #1).

Defendant did not bother to initially appear or answer the complaint, and on April 13, 2023, plaintiff secured the clerk's entry of default, and promptly moved for a default judgment, including compensatory damages, costs, and attorney's fees (Dkt. #12). Defendant then finally appeared, cross moved to vacate the entry of default, and proposed the assertion of counterclaims for private nuisance and negligence, based on Speedway's alleged environmental contamination of a parcel still owned by defendant, adjacent to the Property, for which plaintiff is now allegedly responsible as the Property's new owner. (Dkt. #15).

For the reasons set forth below, plaintiff's motion for default judgment is granted, and defendant's motion to vacate the default is denied. Plaintiff is also entitled to costs and attorney's fees.

**DISCUSSION**

## I.     Relevant Standards

In order to obtain a default judgment, a party must first secure the clerk's entry of default by demonstrating, by affidavit or otherwise, that the opposing party is in default. *See* Fed. R. Civ. Proc. 55(a); *J&J Sports Prods. v. Bimber*, 2008 U.S. Dist. LEXIS 39174 at *2 (W.D.N.Y. 2008). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. *Id*., 2008 U.S. Dist. LEXIS 39174 at *3-*4 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp*., 973 F.2d 155, 158 (2d Cir. 1992)).

The factors used to determine whether a default judgment is warranted are the "same factors which apply to a motion to set aside entry of default," namely: (1) whether the default was willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice to the non-defaulting party as a result of the motion for default judgment. *Broadcast Music, Inc. v. Buffalo Wing Joint & Pub, LLC*, 431 F. Supp. 3d 147, 152 (W.D.N.Y. 2019). As such, while motions for default judgment are often disfavored, a motion to vacate an entry of default may be appropriately denied where the salient facts are not in dispute, and a defendant fails to show that their default was not "deliberate," "fail[s] to meet their burden of offering evidence sufficient to establish a complete defense," and/or fails to show that the plaintiff would not suffer prejudice in the event the default is vacated. *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015)(affirming district court's denial of motion to vacate default, and its grant of motion for default judgment, where defendant failed to demonstrate that its default was not willful, or that it had any meritorious defenses).

Here, even assuming *arguendo* that defendant's default was not willful, I find that defendant has utterly failed to demonstrate the existence of any meritorious defenses, and/or that plaintiff would not be prejudiced if the default was vacated.

Defendant asserts the following defenses to plaintiff's claims: (1) the Assignment does not specifically direct defendant to send any mistakenly-paid rent to plaintiff; (2) the complaint fails to join Speedway as a necessary and/or indispensable party; (3) the complaint fails to state a claim for money had and received, unjust enrichment, or conversion, because the money at issue did not "belong" to plaintiff, but to Speedway; and (4) the complaint fails to state a claim for constructive trust, because there is no allegation of a confidential or fiduciary relationship between plaintiff and defendant. Finally, defendant argues that in the event a default judgment is granted, plaintiff is not entitled to attorney's fees, because the Assignment does not apply to the instant circumstances, the request is premature because judgment has not been entered, and the amount requested is excessive. (Dkt. #15).

With respect to defendant's first defense, the Court agrees that the Assignment does not directly address the most unusual issue of misdirected rent payments. However, that issue is of no moment, as plaintiff does not allege causes of action sounding in contract or otherwise arising directly out of the Assignment (excepting its claim of entitlement to attorney's fees, as addressed below).

As to defendant's claim that Speedway is a necessary party pursuant to Fed. R. Civ. Proc. 19(a), defendant has failed to make the requisite showing that: (1) complete relief to plaintiff cannot be accorded in Speedway's absence; or (2) Speedway has claimed an interest relating to the subject of the action and is so situated that disposing of it in Speedway's absence could impede Speedway's ability to protect its interests, or leave an existing party subject to a substantial risk of

4

incurring inconsistent obligations. *See* Fed. R. Civ. Proc. 19(a); *Yusin Brake Corp. v. Motorcar Parts of Am., Inc.*, 2014 U.S. Dist. LEXIS 77472 at *29-*30 (S.D.N.Y. 2014).

In fact, it is obvious that complete relief to plaintiff can be accorded in Speedway's absence: plaintiff's complaint seeks the entire amount of the Mistaken Rent Payments, and granting the motion for default judgment will make plaintiff whole. Furthermore, Speedway has not claimed any interest or claim to the money at issue. *See Star Auto Sales of Queens LLC v. Iskander*, 2022 U.S. Dist. LEXIS 46022 at *20 (E.D.N.Y. 2022)(rejecting argument that party is necessary, where the party has not claimed any interest related to the litigation)(citing *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 48 (2d Cir. 1996)("[d]efendant's attempt to assert on behalf of [a third party] its supposed concern about the dilution of [the third party's] interest…falls outside the language of [Fed. R. Civ. Proc. 19(a)]. It is the absent party that must 'claim an interest.'")).

Indeed, the Assignment makes clear that all rent monies from Speedway were to be paid to plaintiff after its effective date, and the parties agree that it was both plaintiff's and Speedway's intention and demand that defendant remit the full amount of the Mistaken Rent Payments to plaintiff directly. (Dkt. #1-2). The dispute, as it stands, is solely between plaintiff and defendant. *Cf. Yusin Brake Corp.*, 2014 U.S. Dist. LEXIS 77472 at *31-*32.

Turning to defendant's allegations that the complaint does not state a claim for unjust enrichment or money had and received, defendant's belief that the subject monies had to first be possessed by plaintiff in order to be recoverable is incorrect, and defies logic.

Under New York common law, the elements of a cause of action for money had and received (also known as "payment by mistake") are that: (1) a payment was made to defendant under a mistaken apprehension of fact; (2) defendant derived a benefit from the mistaken payment;

and (3) equity demands restitution by defendant to plaintiff. *United States ex rel. Ryan v. Staten Island Univ. Hosp.*, 2011 U.S. Dist. 51648 at *13 (E.D.N.Y. 2011). Similarly, a cause of action for unjust enrichment requires proof that: (1) defendant was enriched; (2) at plaintiff's expense or to plaintiff's detriment; and (3) equity and good conscience militate against permitting defendant to retain what plaintiff seeks to recover. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004).

While fact patterns in such cases most often involve mistaken payments made directly by a plaintiff to a defendant instead of by an intermediate party, "[t]he essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what ought to be recovered." *Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 215 (Ct. App. N.Y. 2007). Whether the defendant engaged in wrongdoing or breached a duty, or whether the mistake was caused by a third party, is irrelevant. Moreover, "[p]rivity and direct transfer of funds from plaintiff to defendant are not elements" of a claim for restitution based on mistaken payment, so long as the relationship between the plaintiff's alleged loss and the defendant's alleged gain is not overly attenuated. *T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS 109471 at *18-*19 (E.D.N.Y. 2010).

Here, the relationship between plaintiff's loss and defendant's gain is "straightforward and proximate": monies owed to plaintiff were mistakenly paid to the defendant by a third party, who admitted the error and has asserted no claim to those funds, and even demanded that the defendant remit them to plaintiff. Thus, plaintiff's claims "require proof of no other, independent relationship between the parties." *Id.* The parties are in agreement that defendant held and retained monies that it knew did not belong to it, and to which plaintiff was rightfully entitled. This is the very soul of

an unjust enrichment or money had and received claim, and equity and good conscience demand that defendant remit those monies to plaintiff.

Defendant has not raised, nor does the Court's review of the record reveal, the existence of any meritorious defense to plaintiff's claims of unjust enrichment, or money had and received. Indeed, defendant's inexplicably straight-faced attempts to resist returning to plaintiff the Mistaken Rent Payments to which plaintiff is entitled and to which defendant has no conceivable claim, without excuse or explanation, have proved a needless and disappointing waste of the Court's time and resources.

I further conclude that plaintiff will be prejudiced if the default is vacated: specifically, plaintiff would face unnecessary delay and difficulty in enforcing its rights and collecting the monies that both parties already agree are owed to it, and which have already been unjustifiably retained by the defendant for over a year. *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (prejudice may include difficulties in enforcing or collecting money owed).

Accordingly, I find that there are no material questions of fact concerning the merits of this matter, that the defendant has not demonstrated entitlement to vacatur of the clerk's entry of default, and that plaintiff has shown entitlement to judgment in its favor. Because I find that the undisputed averments of the parties establish plaintiff's unjust enrichment and money had and received claims, as well as the amount of compensatory damages owed, I decline to reach plaintiff's claims of conversion and constructive trust.

With respect to plaintiff's request for attorney's fees in the amount of $21,303.43 and costs in the amount of $496.46, the Court finds that plaintiff has demonstrated its entitlement to an award of fees and costs. The Assignment clearly provides that defendant is to "indemnify [plaintiff] against, and . . . hold [plaintiff] harmless from, all . . . losses, costs, and expenses, including but

not limited to reasonable attorneys' fees, arising as a result of any act, omission, or obligation of [defendant] arising or accruing with respect to the Lease prior to [January 26, 2021]." (Dkt. #1-1 at 2, #14-1 at ¶25).

In light of the fact that the injurious acts and omissions by defendant that gave rise to plaintiff's attorneys' fees and costs undisputedly occurred prior to January 26, 2021, with defendant's retention of misdirected rent payments under the Lease having begun on or about December 23, 2020,[1] plaintiff's request for an award attorney's fees and costs is granted. (Dkt. #1-1 at 2). The Court has reviewed the time records and invoices submitted by plaintiff's counsel in support of that request (Dkt. #14-2, #14-3), and finds that the amount requested is reasonable, with no obvious evidence of overbilling, duplication of effort, or other inefficiencies.

These costs and fees were necessitated solely by defendant's obfuscation and recalcitrance relating to its contractual and equitable obligations that arose from the Assignment.

## CONCLUSION

Plaintiff's motion for default judgment (Dkt. #14) is granted, defendant's cross motion to vacate the entry of default (Dkt. #15) is denied, and judgment is granted to plaintiff against defendant in the amount of $83,888.00, plus prejudgment interest of $10,528.52 (from March 23, 2022, the date the final mistaken rent payment was made, through the present date, at 9% per annum), for a total of $94,416.52. Plaintiff's request for an award of attorney's fees and costs is also granted, and plaintiff is awarded attorney's fees in the amount of $21,303.54, and costs in the

---

[1] The Court recognizes that the amount of attorney time expended to demand payment of the misdirected rent, and later to prosecute the instant action, would have been virtually the same whether plaintiff sought the return of one payment, or all fourteen. As such, the fact that many of the Mistaken Rent Payments at issue were not made "prior to January 26, 2021" (Dkt. #1-1 at 2, #14-1 at ¶25), but after, does not diminish the amount of reasonable costs and attorney's fees to which plaintiff is entitled.

amount of $496.46. Therefore, the Clerk of Court shall enter judgment in favor of plaintiff in the amount of $116,216.52.

Plaintiff is further awarded post judgment interest, in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. §1961(a), as of the date judgment is entered until the judgment is satisfied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 14, 2023.